935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul F. SANCHEZ, Defendant-Appellant.
 No. 91-5251.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 2, 1991.
Decided June 10, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-236-A)
 Robert Stanley Powell, Powell & Colton, P.C., Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Christopher J. Supple, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raul F. Sanchez appeals from a jury verdict which found him guilty of simple possession of "crack" cocaine. Because we find the evidence sufficient to support the jury's determination that Sanchez knowingly and intentionally possessed the drug, we affirm his conviction.
 
 
 2
 A jury verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). (Emphasis in original; citations omitted). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 3
 To establish a defendant's guilt for possession of cocaine, the government must prove that he possessed the drug and that he did so knowingly and intentionally. United States v. Schocket, 753 F.2d 336, 340 (4th Cir.1985). Possession may be established by direct or circumstantial evidence, and possession may be actual or constructive. Id. Possession may also be joint. Id. A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it. Id.
 
 
 4
 Sanchez and a co-defendant were both tenants of a house from which cocaine was distributed by a third person who paid Sanchez's housemate money for permitting him to sell cocaine from the house. Various witnesses testified at trial that Sanchez knew that cocaine was distributed from the house, that he approved of it, and that Sanchez had observed drug transactions at the house. The "distributor" testified that he informed Sanchez and the other resident of the house where he kept the cocaine so they "could keep an eye on it." He continued that the two men "serviced" customers for him in his absence and that he had provided Sanchez with cocaine for distribution and for personal use.
 
 
 5
 Police officers monitored the residence for about two weeks and then executed a search warrant. When the police entered the house, they found Sanchez in an upstairs bedroom. The officers did not find any contraband on Sanchez's person or anywhere on the second floor. On the ground floor, however, the police found numerous firearms, a large amount of currency, and a large plastic bag containing several smaller bags of cocaine.
 
 
 6
 Construing this evidence in the light most favorable to the prosecution, it was sufficient to support the jury's verdict. Trial testimony supported the jury's conclusion that Sanchez was aware of the cocaine located in his residence and that he had dominion and control over the drug and over the premises in which it was concealed. There was also testimony that he was actually given cocaine for distribution and for personal use. We therefore affirm his conviction.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.